RUPP v. STEVENSON.

(Supreme Court, Appellate Term, Second Department.   October 25, 1912.)

MONEY PAID (§ 9*)—ACTION—EVIDENCE.

Evidence in an action against an owner by an architect for money advanced by him to the contractor *held* not to support a recovery.

[Ed. Note.—For other cases, see Money Paid, Cent. Dig. §§ 27–29; Dec. Dig. § 9.*]

Appeal from Municipal Court, Borough of Brooklyn, Fifth District.

Action by Richard C. Rupp against Frederick Boyd Stevenson. From an order granting a new trial after verdict for plaintiff, he appeals. Affirmed.

See, also, 144 App. Div. 909, 129 N. Y. Supp. 1144.

Argued October term, 1912, before CRANE, ASPINALL, and PUTNAM, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Thomas P. Hall, of Brooklyn, for appellant.

Frank X. McCaffry, of Brooklyn, for respondent.

PER CURIAM. The plaintiff sued for sums advanced by him as an architect to contractors at work on defendant's building. He recovered a verdict, which has been set aside as against the weight of evidence.

A careful reading of the testimony convinces us that the judge did right, for the following reasons: The amounts advanced were $100, $72.80, and $100. (1) The plaintiff testified that by agreement he was to advance no sums over $20. (2) He took receipts from the contractor, and claims to have delivered them over to Stevenson, with his bill, without repayment. Why did he not keep the receipts till he got his money back? (3) The plaintiff is the only witness, and is contradicted by the defendant and his wife, who both swear that he was paid the items in cash. (4) On the bill of May 1, 1910, he gives credit for these payments. Why so, if they were not paid, especially as he admits that some payments were made in cash? (5) The original Rocco bill, given to Stevenson, does not say that Rupp paid him. The copy kept by plaintiff does say so.

The order granting a new trial is affirmed.